IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN MATTHEW RAY,

    Petitioner,                    No. CIV S-01-1294 FCD JFM P

    vs.

ROSEANNE CAMPBELL,
Warden, et al.,

    Respondents.            ORDER

         Petitioner is a state prisoner proceeding pro se with this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On September 28, 2005, judgment was entered in this court denying the petition.  On November 28, 2005, petitioner filed a notice of appeal, a request for a certificate of appealability, a request for extension of time to file a notice of appeal, and a request for the appointment of counsel on appeal.[1]  In his motion for extension of time, petitioner explains that he was unable to access the law library because of "lockdowns and poor availability" and he was erroneously informed that his appeal should be filed in the United States Court of Appeals for the Ninth Circuit.  Petitioner states that on October 23, 2005, he filed a notice of appeal and a request for extension of time in the Ninth Circuit Court of Appeals.  As

---

[1] The court has calculated this date pursuant to the mailbox rule.  See Houston v. Lack, 487 U.S. 266, 276 (1988); Fed. R. App. P. 4(c).  Petitioner filed a proof of service in which he states that he handed his documents to prison staff for mailing on November 28, 2005.

1

soon as petitioner was able to access the law library, he realized his mistake and filed his notice of appeal in this court.

The timely filing of a notice of appeal is a jurisdictional requirement. Scott v. Younger, 739 F.2d 1464, 1466 (9th Cir. 1984). Here, the time limit for filing a notice of appeal following entry of judgment is thirty days. See Fed. R. App. P. 4(a). However, Rule 4(a)(5) of the Federal Rules of Appellate Procedure provides that "[t]he district court may extend the time to file a notice of appeal if: (i) a party so moves no later than thirty days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the thirty days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause." Petitioner's request for extension of time was filed in this court within sixty days from the date of judgment and is therefore timely. Good cause appearing, the court will grant petitioner's request for an extension of time to filed a notice of appeal.

Before petitioner can appeal this decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The certificate of appealability must "indicate which specific issue or issues satisfy" the requirement. 28 U.S.C. § 2253(c)(3).

A certificate of appealability should be granted for any issue that petitioner can demonstrate is "'debatable among jurists of reason,'" could be resolved differently by a different court, or is "'adequate to deserve encouragement to proceed further.'" Jennings v. Woodford, 290 F.3d 1006, 1010 (9th Cir. 2002) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).[2]

Petitioner has made a substantial showing of the denial of a constitutional right in the following issues presented in the instant petition: (1) whether his trial counsel rendered

---

[2] Except for the requirement that appealable issues be specifically identified, the standard for issuance of a certificate of appealability is the same as the standard that applied to issuance of a certificate of probable cause. Jennings, at 1010.

ineffective assistance; and (2) whether his appellate counsel rendered ineffective assistance.

Petitioner has also filed a request for the appointment of counsel. This request will be denied without prejudice to its renewal in the Ninth Circuit Court of Appeals.

Accordingly, good cause appearing, IT IS HEREBY ORDERED that:

1. Petitioner's request for an extension of time to file a notice of appeal is granted and petitioner's appeal is deemed timely filed;

2. A certificate of appealability is issued in the present action; and

2. Petitioner's August 29, 2005, request for the appointment of counsel is denied without prejudice to its renewal in the Ninth Circuit Court of Appeals.

DATED: January 3, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

JFM:8:ray1294.app

3