1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JOHN MATTHEW RAY,

11            Petitioner,                  No. CIV S-01-1294 FCD JFM P

12       vs.

13   ROSEANNE CAMPBELL,
     Warden, et al.,

14

15            Respondents.                 ORDER
     _____/

16            Petitioner is a state prisoner proceeding pro se with this application for a writ of

17   habeas corpus pursuant to 28 U.S.C. § 2254.  On September 28, 2005, judgment was entered in

18   this court denying the petition.  On November 28, 2005, petitioner filed a notice of appeal, a

19   request for a certificate of appealability, a request for extension of time to file a notice of appeal,

20   and a request for the appointment of counsel on appeal.[1]  On January 17, 2006, petitioner filed a

21   letter which this court construes as a request for leave to proceed on appeal in forma pauperis.

22            In his motion for extension of time, petitioner explains that he was unable to

23   access the law library because of "lockdowns and poor availability" and he was erroneously

24   _____

25        [1]  The court has calculated this date pursuant to the mailbox rule.  See Houston v. Lack, 487
     U.S. 266, 276 (1988); Fed. R. App. P. 4(c).  Petitioner filed a proof of service in which he states that
26   he handed his documents to prison staff for mailing on November 28, 2005.

                                            1

1    informed that his appeal should be filed in the United States Court of Appeals for the Ninth

2    Circuit.  On October 23, 2005, petitioner filed a notice of appeal and a request for extension of

3    time in the Ninth Circuit Court of Appeals.  As soon as petitioner was able to access the law

4    library, he realized his mistake and filed his notice of appeal in this court.

5              The timely filing of a notice of appeal is a jurisdictional requirement.  <u>Scott v.

6    Younger</u>, 739 F.2d 1464, 1466 (9th Cir. 1984).  Here, the time limit for filing a notice of appeal

7    following entry of judgment is thirty days.  <u>See</u> Fed. R. App. P. 4(a).  However, Rule 4(a)(5) of

8    the Federal Rules of Appellate Procedure provides that "[t]he district court may extend the time

9    to file a notice of appeal if: (i) a party so moves no later than thirty days after the time prescribed

10   by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the

11   thirty days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect

12   or good cause."  Petitioner's request for extension of time was filed in this court within sixty

13   days from the date of judgment and is therefore timely.  Good cause appearing, the court will

14   grant petitioner's request for an extension of time to filed a notice of appeal.

15             Before petitioner can appeal this decision, a certificate of appealability must issue.

16   28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).  A certificate of appealability may issue under 28

17   U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a

18   constitutional right."  28 U.S.C. § 2253(c)(2).  The certificate of appealability must "indicate

19   which specific issue or issues satisfy" the requirement.  28 U.S.C. § 2253(c)(3).

20             A certificate of appealability should be granted for any issue that petitioner can

21   demonstrate is "'debatable among jurists of reason,'" could be resolved differently by a different

22   court, or is "'adequate to deserve encouragement to proceed further.'"  <u>Jennings v. Woodford</u>,

23   290 F.3d 1006, 1010 (9th Cir. 2002) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 (1983)).[2]

24

---

25       [2] Except for the requirement that appealable issues be specifically identified, the standard
     for issuance of a certificate of appealability is the same as the standard that applied to issuance of
26   a certificate of probable cause.  <u>Jennings</u>, at 1010.

1     Petitioner has made a substantial showing of the denial of a constitutional right in

2     the following issues presented in the instant petition: (1) whether his trial counsel rendered

3     ineffective assistance; and (2) whether his appellate counsel rendered ineffective assistance.

4          Petitioner has also filed a letter in which he states that he wishes to proceed on

5     appeal in forma pauperis but has not yet obtained a copy of his trust account statement and an

6     application to proceed in forma pauperis signed by his counselor.  Petitioner represents that he

7     "was in forma pauperis" when he filed his habeas petition in this court.  However, the court file

8     reflects that petitioner paid the filing fee for this action.  Rule 24(a) of the Federal Rules of

9     Appellate Procedure provides, in part, that where a petitioner has not been granted leave to

10    proceed in forma pauperis in the district court action, a motion for leave to appeal in forma

11    pauperis must attach an affidavit that "shows in the detail prescribed by Form 4 of the Appendix

12    of Forms the party's inability to pay or to give security for fees and costs."  Petitioner has not

13    filed the information required by Form 4 of the Appendix of Forms.  Accordingly, petitioner's

14    request to proceed in forma pauperis on appeal will be denied without prejudice to its renewal

15    when petitioner has been able to obtain the appropriate documentation.

16         Petitioner has also filed a request for the appointment of counsel.  This request

17    will be denied without prejudice to its renewal in the Ninth Circuit Court of Appeals.

18         Accordingly, good cause appearing, IT IS HEREBY ORDERED that:

19         1.  Petitioner's request for an extension of time to file a notice of appeal is granted

20    and petitioner's appeal is deemed timely filed;

21         2.  A certificate of appealability is issued in the present action; and

22         3.  Petitioner's request to proceed in appeal in forma pauperis is denied without

23    prejudice; and

24    ////

25    ////

26    ////

1          4.  Petitioner's December 1, 2005, request for the appointment of counsel is

2  denied without prejudice to its renewal in the Ninth Circuit Court of Appeals.

3  DATED:March 3, 2006

4                                        /s/ Frank C. Damrell Jr.
                                         FRANK C. DAMRELL JR.
5                                        United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26